---

# Commissioners of Jefferson County *vs.* Fox et al.

## *Error to Jefferson.*

A bond, payable to A. B. alone, is a negotiable instrument under our statute.

Money paid thereon by the maker before it becomes due, is paid at his peril, whether he pays the same as garnishee or otherwise.

The maker is not liable on a garnishee process, unless the instrument is due, and shown to be in the possession of the defendant in the suit.

Under our statute, it seems a person cannot make a note, bond, &c., which shall not be negotiable.

The action was brought on the following instrument, " We the county commissioners of the county of Jefferson, in the territory of Iowa, hereby bind ourselves, and our successors in office, to pay to Wm. Olney of said county, the sum of six hundred and fifty dollars, on or before the fifteenth day of November 1839. Said money is to be paid for the building of a court-house in the town of Fairfield in said county, which house is particularly described in a certain bond, bearing even date herewith, signed by the said William Olney, and also by Cyrus Olney and John A. Pitzer, to which bond reference is hereby had and made. Done at Fairfield, this 25th day of May, 1839. "

JOHN J. SMITH, [SEAL.]

DANIEL TEAS, [SEAL.]

Which bond was duly assigned to the defendants in error, on the 13th day of November, 1839.

The case was submitted to the court below on the following agreed state of facts:

"The defendants confess the plaintiff's bill, and allege payment to Olney, the payee of the bond, under the following circumstances: The labor for which the bond was given, not being completed on the 15th of November, the day the bond became due, an extension of time until the 15th December was given to complete the same; on which day it was completed, and notice thereof given to the clerk of the board of commissioners. On the 21st December, the defendants met and accepted the work. On this day also, which was the first time the commissioners (defendants) had met after the assignment of the bond to the plaintiffs, notice was given the defendants of the assignment of the bond, and payment demanded by the plaintiffs, of the amount still due on the bond, to wit, $150. The defendants refused payment to the plaintiffs, saying that they gave their obligation to Olney and would recognize no assignees; and if the plaintiffs felt themselves aggrieved, they must seek redress elsewhere. On the 18th day of December, whilst the defendants were not yet notified of the assignment, they were summoned as garnishees, in three several suits, wherein Olney was defendant, before a justice of the peace, and in answer to interrogatories acknowledged themselves indebted to Olney, and three several judgments, were, thereupon rendered against them, amounting in all, to $113,13. From which judgments the defendants refused to appeal, though requested so to do by the plaintiffs. At the time of the rendition of the judgments there was due on the bond to the plaintiffs, $150,50 and also for extra work there was due to Olney $45,00, amounting in all to $195,50, leaving, after deducting the amount of the judgments, a balance of $82,37 which the defendants on the 21st December, after notice of the assignment and demand of payment by the plaintiffs paid to Olney."

Upon this state of facts the court below rendered judgment against the commissioners for $150, together with interest and costs, upon which the case was brought here by writ of error.

LEARNED & WOODS, for plaintiffs in error, contended that the defendants below were safe in paying money on the bond at any time previous to notice of assignment, and that having become bound by their answers on the garnishee processes, prior to receiving such notice, they stand in the same situation in this particular, as though they had at that time made an actual payment.

That the $45,50, for extra work, was not affected by the assignment

7

and the plaintiffs in error had a legal right to apply that sum towards the extingishment of the balance of $82,37, paid to Olney, after the judgment against them as garnishees; so that if any judgment at all had been rendered, it should have been for $36,87 only.

They also argued, that the bond was conditional, and not for the absolute payment of money or other property, and therefore was not negotiable under the statute, that the work was not finished when the bond was assigned, and when the garnishee process was served.

That it was sufficient that the county commissioners had to pay this money in pursuance of the judgment of a competent tribunal, and that the plaintiffs below might have appealed from that decision, if they believed it erroneous.

BY THE COURT, MASON, CHIEF JUSTICE.—From the facts agreed upon in this case in the court below, it appears that the plaintiffs in error made a contract with William Olney for building a court-house, and gave him their writing obligatory, by which they bound themselves to pay him the sum of $650, on or before the 15th day of November 1839. Partial payments were made upon this bond, but before the time of payment therein specified, and while $150 dollars remained unpaid, it was assigned by Olney to the defendants, in error. Before the obligors were notified of the assignment, they were summoned as garnishees, in three several suits against Olney, and judgments thereon were rendered against them amounting to $113,13. At the time of the rendition of this judgment, the county commissioners were indebted to Olney, to the amount of $45,50 for extra work; and after they had received notice of the assignment of their obligation, they paid him not only this amount, but also the balance which they admitted to be due on the bond, amounting in all to the sum of $82,37.

The court below decided that under the provisions of the statute of Iowa, in relation to promissory notes, &c., which took effect on the first day of March 1839, this bond was a negotiable instrument, and on that account the plaintiffs in error were not liable as garnishees in any action against Olney, and that whatever was adjudged against them in that capacity, would not prejudice the rights of the defendants in error. A judgment was therefore rendered against the county commissioners for $150, together with interest and costs. To reverse that judgment the case is now brought into this court.

The main question seems to be, whether the bond on which this suit was instituted, was negotiable under our statute. This extends to all

notes, bonds, due bills and other instruments in writing, for the payment of any sum of money, or articles of personal property, &c. It is contended, that this instrument is conditional, and not for the absolute payment of money, and on that account is not reached by the provisions of the statute just referred to.

It is true, the bond states that the amount therein specified is to be paid for the building of a court-house, but we find nothing in it which can be called a condition. The obligors bind themselves absolutely to pay William Olney the sum of $650 on or before the 15th day of November 1839, and the instrument then goes on to state, the consideration for which the money is to be paid. We therefore conclude that the bond in question is a negotiable instrument, the legal interest of which, vested at once in the assignees in pursuance of the statute.

It may well be urged, that the maker of a bond should have the privilege of executing an instrument which would not be assignable in such a manner as to prevent him, without hazard, from making a payment to the obligee at any time before he received notice of the assignment.— Our statute however declares otherwise. The fourth section of the act in relation to promissory notes, &c., already mentioned, leaves no doubt on the subject, if the first section of that act were not sufficiently explicit. It declares that if "any such note, bond, bill or other instrument of writing, shall be endorsed before the day the money, or property therein mentioned, becomes due and payable, and the endorsee shall institute an action thereon, the defendant may give in evidence at the trial, any money or property actually paid on the said note, &c., before the same was endorsed, or assigned to the plaintiff by proving that the plaintiff had sufficient notice of the said payment before he accepted or received such endorsement."

This section fully negatives the position that the assignee is bound to give notice to the obligor of the assignment, before the obligee's right to receive payment and receipt therefor, is cut off. The obligor can only set up such payment, in his defence, by proving that the assignee had sufficient notice of the same, before the note was assigned. No notice of this kind seems to have been proved in the present case, and the payment as garnishee is not distinguishable in this respect from an ordinary payment. The maker of a negotiable instrument, cannot be made liable on a garnishee process, unless that instrument has become due, and is shown to be then in the possession of the defendant in the suit.

The decision of this point obviates the necessity of examining the others. Judgment affirmed.

